UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Daryl Stephen,** | 22-cv-03855-NRM-LB |
| Plaintiff, | **Memorandum and Order** |
| v. | |
| **Thrifty, John Doe,** Manager of Thrifty**,** | |
| Defendants. | |

**NINA R. MORRISON**, United States District Judge:

On June 29, 2022, Plaintiff Daryl Stephen, proceeding *pro se*, filed this action against Thrifty, a car rental company, and the manager, John Doe (the "Defendants") alleging that Defendants filed a "false police report" and invokes the Court's federal question and diversity jurisdiction. Compl., ECF No. 1 at 4. He seeks $20 million in damages. *Id*. at 6. On October 26, 2022, the case was reassigned to my docket. The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and dismisses the complaint with leave to amend as set forth below.

## I.   BACKGROUND

Plaintiff alleges that on November 28, 2016, he tried to rent a car at Thrifty and submitted a "driver[']s license and credit card to Thrifty in order to complete [the] rental reservation." *Id*. at 5. Plaintiff further alleges that "John Doe (manager) alleged Plaintiff was trying to fulfil[l] rental reservation by way of fraudulent means" and called the police. *Id*. Plaintiff also alleges that he "was handcuffed in Thrifty and escorted of[f] the premises while John Doe hurl[e]d racial epithets toward Plaintiff." *Id*. Plaintiff does not provide the location where this allegedly occurred. Plaintiff alleges the basis for the Court's jurisdiction is that Defendants filed a "false police report." *Id*. at 4.

## II.  STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").  Nonetheless, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the plaintiff's complaint if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-5238(JG), 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true."). In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). "Congress has granted district courts original jurisdiction over cases in which

there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

### A. Federal Question

A case arises under federal question jurisdiction where the plaintiff's cause of action is based on a violation of federal law or where "a well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).

Plaintiff's claim that Defendants filed a false police report does not provide a basis for this Court's federal question jurisdiction. To the extent Plaintiff sues these Defendants for allegedly violating his constitutional or civil rights, and liberally construing Plaintiff's complaint as arising under 42 U.S.C. § 1983, the complaint cannot proceed against these Defendants. To maintain a § 1983 action, a plaintiff must show that each defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (quotations omitted); *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Fabrikant v. French*, 691 F.3d

193, 206-07 (2d Cir. 2012).

Plaintiff has not pled any facts to allege that Defendants acted under color of state law for purposes of § 1983. *See Thomas v. Martin-Gibbons*, 857 F.App'x 36, 39 (2d Cir. 2021) (false statements to police by private defendants not sufficient to show state action) (citation omitted). Even giving the complaint the most liberal reading, any § 1983 claims against Defendants must be dismissed because the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

### B.   Diversity

Plaintiff also fails to provide a basis for diversity jurisdiction over this matter. 28 U.S.C. § 1332. A court has original jurisdiction in matters including those between citizens of different states (referred to as "complete diversity") and where the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). Plaintiff alleges that he resides in New York and that Defendants are also located in New York; thus, his case does not satisfy the complete diversity requirement. *See* ECF No. 1 at 2.; *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that diversity statute mandates complete diversity).

In addition, Plaintiff seeks $20 million but does not provide a good faith basis for seeking that amount. "[A] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 93

---

[1] In addition, any § 1983 claim would be time-barred. Plaintiff alleges the incident occurred on November 28, 2016, but he filed this action on June 29, 2022, over five years later. A § 1983 claim must be filed within three years from the date the claim accrued. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law.") (citations omitted).

F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *Kingsley v. BMW of N. Am. LLC*, No. 12 CV 3097, 2012 WL 2830026, at *2 (E.D.N.Y. July 10, 2012). The amount in controversy must be non-speculative in order to satisfy the statute. Thus, the Court also lacks diversity jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3).

## IV.   CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and also for a failure to state a claim, 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within thirty (30) days of this Order.

If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 22-CV-3855 (NRM) (LB). The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint. In the amended complaint, Plaintiff must set forth facts to show that the Court has subject matter jurisdiction over his claims. Legal conclusions and conclusory allegations will not suffice. Plaintiff must provide facts sufficient to allow each named Defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). Plaintiff must also provide the date and location for each relevant event. In addition, should Plaintiff invoke diversity jurisdiction, he must also set forth the citizenship of each plaintiff and each defendant named in the caption of the amended complaint, the amount in controversy and the state law at issue. The amount in controversy must not be speculative. Finally, if Plaintiff's claims are time-barred, he must explain the reasons for the delay so the Court can determine whether there is a basis for equitable tolling of the limitations period.

All further proceedings shall be stayed for 30 days. If Plaintiff does not file an amended complaint within the time allowed or show good cause

why he cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to the *pro se* Plaintiff and note service on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

SO ORDERED.

                                               /s/ NRM
                                               NINA R. MORRISON
                                               United States District Judge

Dated:    June 29, 2023
                Brooklyn, New York