UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARRYL STEPHEN,

       Plaintiff,

    -against-

THRIFTY, LLC; THRIFTY RENT-A-CAR SYSTEM, LLC, DOLLAR THRIFTY AUTOMATIVE GROUP, INC.; HERTZ CORPORATION; JANE DOE; AND JOHN DOE,

       Defendants.

**MEMORANDUM & ORDER**
22-CV-3855 (NRM) (LKE)

**NINA R. MORRISON**, United States District Judge:

*Pro se* plaintiff Darryl Stephen filed this racial discrimination lawsuit after attempting to rent a car at John F. Kennedy International Airport ("JFK") in November 2016 and being placed on a "Do Not Rent" ("DNR") list by Defendants. He filed a motion to compel discovery on March 10, 2016, which was denied in its entirety by Magistrate Judge Lara K. Eshkenazi on March 25, 2026. Plaintiff subsequently filed objections pursuant to Fed. R. Civ. P. 72(a) on April 8, 2026, seeking a modification to the March 25, 2026 Order. For the reasons discussed below, Plaintiff's objections are denied and Magistrate Judge Eshkenazi's decision is affirmed in its entirety.

## BACKGROUND

1

Stephen initially filed this action on June 29, 2022, Compl., ECF No. 1, later amending his complaint on November 22, 2023, Am. Compl., ECF No. 9.  He brought claims for racial discrimination, stemming from his experience attempting to rent a car from Thrifty at its JFK location on November 28, 2016.  *See* Am. Compl. ¶¶ 12–27.  Stephen alleges that after producing his driver's license and credit card to complete the rental transaction, he was arrested by six Port Authority police officers — without explanation.  *Id.* at ¶¶ 14–21.  He was ultimately released after officers confirmed that Stephen was the true owner of his credit card, although they never returned his credit card to him.  *See id.* at ¶¶ 22–25.

On September 30, 2021, Stephen reserved a rental car online with Dollar Rent-a-Company, a Thrifty affiliate.  *See id.* at ¶ 28.  When he attempted to pick up the car in person, he learned that he was on a permanent Hertz Do Not Rent ("DNR") list.  *Id.* at ¶ 29.  He called Hertz's DNR department on October 1, 2021, and was allegedly told that he was placed on the list in 2016 due to fraudulent activity.  *Id.* at ¶ 30.  Stephen called again nearly two years later — on September 27, 2023 — and was told that he was still on the DNR list and that the decision was irreversible.  *Id.* at ¶ 32.

Stephen's Amended Complaint includes five claims under 42 U.S.C. § 1981; two claims under the New York State Human Rights Law ("NYSHRL"); and one claim under the New York General Business Law ("NYGBL").  On September 26, 2025, the Court dismissed three of his claims — those concerning the November 2016 incident — as time-barred.  ECF No. 45.  The Court allowed claims to proceed that "arise from Plaintiff's placement on the Do Not Rent List."  *Id.* at 9.

*Motion to Compel*

On March 10, 2026, Stephen filed a motion to compel discovery with four overarching requests. ECF No. 58. He asked Magistrate Judge Eshkenazi to compel Defendants to 1) answer his "Single Forcing Interrogatory"; 2) supplement witness disclosures, per Federal Rules of Civil Procedure ("FRCP") Rule 26(e); and 3) produce the October 1, 2021 call materials or provide a sworn certification regarding their unavailability. *Id.* at 1–4. He also asked Magistrate Judge Eshkenazi to determine the sufficiency of a narrow set of admission responses, per FRCP 36(a)(6). *Id.* at 3– 4. Among the many exhibits Stephen attached, he included a copy of the Single Forcing Interrogatory, which asked Defendants to "[i]dentify each and every reason Defendants contend formed the basis for Plaintiff's placement on and/or continued maintenance on the Do-Not-Rent ('DNR') list on or about November 28, 2016." *Id.* at 8.

Defendants filed a response in opposition on March 13, 2026. ECF No. 59. They noted how close Stephen's motion was filed to the scheduled close of fact discovery; they also highlighted the volume of discovery requests Stephen had served before his motion to compel. *Id.* at 1. With respect to the merits of Stephen's motion, Defendants argued that: 1) the Single Forcing Interrogatory exceeded the limits under FRCP 33(a)(1) and their good-faith response was sufficient and complete; 2) they had disclosed all individuals relating to the November 28, 2016 incident and/or involved in the DNR List decision-making; 3) the October 1, 2021 call materials were

3

irrelevant and not in Defendants' possession, custody, or control; and 4) the requests for admissions ("RFAs") were improper and that Defendants had complied with their FRCP 36 obligations. *Id.* at 2–5.

Stephen filed a reply on March 21, 2026, largely reiterating his arguments in his motion to compel. ECF No. 62. Magistrate Judge Eshkenazi denied the motion on March 25, 2026. Order dated Mar. 25, 2026. The Magistrate Judge noted that 1) the Single Forcing Interrogatory exceeded the FRCP 33(a)(1) limit without leave of the Court or Defendants' stipulation, and that Defendants' response was satisfactory; 2) Defendants had already identified individuals involved in the DNR list decision-making; 3) Stephen failed to meet his burden to demonstrate the relevance of the October 21, 2021 call; and 4) the RFAs at issue were duplicative and beyond the scope of FRCP 36(a). *Id.*

## PROCEDURAL POSTURE

On April 8, 2026, Stephen filed what he characterized as "narrow" objections to Magistrate Judge Eshkenazi's decision, pursuant to FCRP 72(a). *See* ECF No. 66 at 1. He argued that 1) the Magistrate Judge analyzed the October 1, 2021 call under an unduly narrow relevance frame; 2) the Order should be modified to require Defendants to provide a limited search-completeness verification regarding the October 1, 2021 call; and 3) the Magistrate Judge should not have treated Defendants' response to the Single Forcing Interrogatory as sufficient. *Id.* at 1–3. He also preserved an FRCP 36 objection to Defendants' RFA responses but recognized this as the "weakest portion" of his Rule 72(a) objections. *Id.* at 3–4.

4

Defendants filed an opposition to the Rule 72(a) objections on April 22, 2026, arguing that the Magistrate Judge's decision was neither clearly erroneous nor contrary to law.  ECF No. 69.  They also argued that Stephen's attempt to preserve an objection to Defendants' RFA response was improper under Rule 72.  *Id.* at 4.

Stephen replied on May 4, 2026,  arguing the following: 1) that the October 1, 2021 call is relevant because it was when he learned about his placement on the DNR list; 2) that Defendants did not address the fact that they volunteered to provide attorney verification regarding their search of October 1, 2021 call records; 3) that Defendants' response to the Single Forcing Interrogatory was non-committal; 4) that Stephen is prejudiced by the Magistrate Judge's decision; and 5) that his Rule 36 point regarding Defendants' RFA response is meant for preservation only.  ECF No. 73.

## DISCUSSION

Under FRCP 72(a), a district court judge cannot "modify or set aside any part of" a non-dispositive order by a magistrate judge unless "the order [] is clearly erroneous or [] contrary to law."  Fed. R. Civ. P. 72(a).  Importantly, the magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently."  *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015).  Rather, the clearly erroneous standard is met if "based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'"  *Sollitto v. Shulkin*, No. 15-CV-5913 (MKB) (VMS), 2017 WL 1403218, at *4 (E.D.N.Y. Apr. 19, 2017) (quoting *In re Gordon*, 780 F.3d 156, 158 (2d

Cir. 2015)).  Likewise, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

Upon review of the record, the Court concludes that Magistrate Judge Eshkenazi's March 25, 2026 Order was neither clearly erroneous nor contrary to law. Stephen's objections regarding the relevance of the October 1, 2021 call are not unreasonable — particularly because this appears to be when he first learned about his placement on the DNR list.  That said, even if this Court might have come to a different conclusion regarding the relevance of the October 1, 2021 call, the Magistrate Judge's decision was neither clearly erroneous nor contrary to law.  The Court has "broad discretion in deciding motions to compel," and Magistrate Judge Eshkenazi's decision fell well within the Court's discretion.  *See Bernazard v. Koch*, No. 15-CV-642 (PKC) (LB), 2017 WL 11711323, at *1 (E.D.N.Y. June 13, 2017)

First, Stephen's Single Forcing Interrogatory exceeded the limit under FRCP 33(a)(1); even though Defendants offered a good-faith response, the Court is not obligated to treat the Rule 33(a)(1) limit as waived, in the absence of a "'particularized showing' articulating the necessity of propounding further interrogatories." *Heras v. Metro. Learning Inst.*, No. 19-CV-2694 (DG), 2021 WL 5888541, at *1 (E.D.N.Y. Dec. 13, 2021).  The Magistrate Judge clearly had discretion to deny Stephen's motion to compel a response to his Single Forcing Interrogatory on this basis.

Second, even assuming, *arguendo*, that the October 1, 2021 call is relevant to Stephen's claims, Magistrate Judge Eskhenazi was entitled to credit Defendants' representations that they lack possession, custody, and control of the call recording,

6

and to conclude that this satisfies their obligation under FRCP 26.  *See Bernazard*, 2017 WL 11711323, at \*1 ("Generally, 'a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible.'" (citation omitted)).  Defendants are not required to provide a further sworn statement regarding the call's unavailability, particularly because in signing a discovery response or objection, an attorney is already "certif[ying] that to the best of the person's knowledge, information and belief formed after a reasonable inquiry" that the disclosure "is complete and correct as of the time it is made."  *See* Fed. R. Civ. P. 26(g)(1)(A).

Finally, it is not entirely clear what action Stephen asks this Court to take in response to his Rule 36 objection, since he indicated that he was making this objection "for preservation purposes only."  Regardless, the Magistrate Judge's decision to deny his motion to compel with respect to Defendants' RFA responses was neither clearly erroneous nor contrary to law, and fell within her discretion.

## CONCLUSION

For the reasons outlined above, the Court denies Plaintiff's Rule 72(a) objections and affirms Magistrate Judge Eshkenazi's March 25, 2026 Order in its entirety.

**SO ORDERED.**

Dated:  May 26, 2026                              */s/ Nina R. Morrison*
      Brooklyn, New York                    Nina R. Morrison
                                           United States District Judge